IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AMERICA FINANCIAL CORPORATION and SECURITIES AMERICA, INC., | Case No. 8:08-cv-515 |
| Plaintiff and Defendants-in-Counterclaim, | **DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIMS** |
| v. | |
| RAYMOND J. LUCIA, SR., | |
| Defendant. | |

Defendant Raymond J. Lucia, Sr. ("Lucia"), states and alleges the following for his Amended Answer to the Complaint of Plaintiff Securities America Financial Corporation ("SAFC").

## AMENDED ANSWER

1. Lucia admits the allegations of paragraph 1 of SAFC's Complaint.

2. Lucia admits the allegations of paragraph 2 of SAFC's Complaint.

3. Lucia admits the allegations of paragraph 3 of SAFC's Complaint.

4. Lucia admits the allegations of paragraph 4 of SAFC's Complaint.

5. Lucia denies the allegations of paragraph 5 of SAFC's Complaint.

6. Lucia denies the allegations of paragraph 6 of SAFC's Complaint.

7. Lucia denies the allegations of paragraph 7 of SAFC's Complaint.

8. Lucia denies the allegations of paragraph 8 of SAFC's Complaint.

9. Lucia denies the allegations of paragraph 9 of SAFC's Complaint.

10. Lucia denies the allegations of paragraph 10 of SAFC's Complaint.

11. Lucia denies the allegations of paragraph 11 of SAFC's Complaint.

12. Lucia denies the allegations of paragraph 12 of SAFC's Complaint.

13. Lucia denies the allegations of paragraph 13 of SAFC's Complaint.

14. Lucia denies the allegations of paragraph 14 of SAFC's Complaint.

## **Affirmative Defenses**

Further answering, Lucia alleges the following affirmative defenses:

15. SAFC's claims against Lucia fail to state claims upon which relief may be granted.

16. SAFC's claims against Lucia are barred by the doctrine of unclean hands.

17. SAFC's claims against Lucia are barred, in whole or in part, by assumption of the risk, contributory negligence and comparative negligence.

18. SAFC's claims are barred from recovery due to waiver and estoppel.

19. SAFC failed to substantially perform and has refused to perform material promises such that a failure of consideration has occurred sufficient to excuse any alleged nonperformance on the part of Lucia.

20. SAFC has failed to satisfy certain conditions precedent and contractual conditions in order to be entitled to any form of relief.

21. SAFC's claims are barred, in whole or in part, by applicable contractual restrictions and conditions precedent.

22. SAFC's claims are barred, in whole or in part, because SAFC is the sole and proximate cause of any damages it alleges to have sustained.

23.   Lucia affirmatively asserts that certain of its obligations have been excused by the prior, material breaches of SAFC.

24.   SAFC's claims are barred, in whole or in part, because the damages Plaintiff seeks constitute a penalty or unenforceable stipulated sum.

25.   SAFC fails to state a claim for prejudgment interest.

26.   SAFC's lawsuit is based on a promissory note allegedly executed by and between SAFC and Lucia. Paragraph 13 of the promissory note, titled "Severability," is unenforceable under Nebraska law, the law that governs the note pursuant to paragraph 10 of the note.

27.   SAFC's lawsuit is based on a promissory note allegedly executed by and between SAFC and Lucia. The promissory note is connected to a purchase agreement entered into by the parties on May 31, 2007, and the note states that it is subject to the terms and conditions of the purchase agreement. A copy of the purchase agreement is attached hereto as Exhibit "A" and incorporated herein by reference. Paragraph 32 of the purchase agreement, titled "Reformation/Severability," is unenforceable under Nebraska law, the law that governs the agreement pursuant to paragraph 31. (Ex. "A" ¶¶ 31-32).

28.   Lucia reserves the right to assert other affirmative defenses as discovery and the evidence allows.

### LUCIA'S CLAIMS AGAINST SAFC AND SAI

COMES NOW, Defendant Raymond J. Lucia and for his claims against Plaintiff Securities America Financial Corporation ("SAFC") and Securities America, Inc. ("SAI") states and alleges as follows.

## Parties, Jurisdiction and Venue

29. Lucia is a resident of California.

30. SAFC is a Nebraska corporation with its principal place of business in Nebraska.

31. SAI is a Delaware corporation authorized to do business in Nebraska. Upon information and belief, SAI is a wholly owned subsidiary of SAFC, and is a registered securities broker/dealer. SAI may be joined as a party to this action pursuant to Fed. R. Civ. P. 20, as Lucia's claims against SAI arise out of the same series of transactions and occurrences as Lucia's claims against SAFC.

32. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

33. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims took place in Nebraska, and further pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201.

## Factual Allegations

34. On or about July 23, 2003, SAFC and Lucia entered into an Asset Purchase Agreement ("Original Purchase Agreement").

35. In connection with Original Purchase Agreement, on or about July 23, 2003, Lucia and SAFC formed RJL Financial Network, LLC ("RJL Financial"), a Nebraska limited liability company. Lucia and SAFC each owned a 50% interest in RJL Financial.

36.　In or around May 2007, SAFC owed Lucia approximately $2.6 million dollars pursuant to the Original Purchase Agreement. Lucia agreed to forgive this debt in exchange for complete ownership of RJL Financial.

37.　On or about May 31, 2007, Lucia and SAFC entered into an "Agreement for Purchase and Sale of SAFC Membership Interest in RJL Financial Network, LLC," ("RJL Purchase Agreement"). A true and correct copy of the RJL Purchase Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

38.　Pursuant to the RJL Purchase Agreement, Lucia purchased SAFC's interest in RJL Financial. In connection with the RJL Purchase Agreement, Lucia signed a promissory note payable to SAFC ("Note"). A true and correct copy of the Note is attached hereto as Exhibit "B" and incorporated herein by reference.

39.　SAFC and Lucia desired to continue to maintain a working relationship after the transfer of SAFC's interest in RJL Financial. (Ex. "A").

40.　Pursuant to the terms of the RJL Purchase Agreement, during the term of the Note, Lucia served as a registered representative of SAI. (Ex. "A" ¶ 20).

41.　Under the terms of the RJL Purchase Agreement, the term of the Note could be affected by a number of events. (Ex. "A" ¶ 3). For example, if SAI terminated its business relationship with Lucia for cause, the Note would become due and payable. (Ex. "A" ¶ 3(a)). In addition, if Lucia voluntarily terminated his agreement to serve as a registered representative of SAI, the Note would become due and payable. (Ex. "A" ¶ 3(c)).

42.     Upon information and belief, Lucia and RJL Financial Network met the annual revenue production requirement set forth in paragraph 2(e) of the RJL Purchase Agreement and paragraph 6(d) of the Note.  (Ex. "A" ¶ 2(e), Ex. "B" ¶ 6(d)).

43.     Beginning in or around June 2007, SAI and/or SAFC began trying to force Lucia to terminate his agreement to serve as a registered representative of SAI by committing various wrongful acts.  These wrongful acts included, but are not limited to, the following:

    a.     SAI and/or SAFC began orchestrating surprise audits of Lucia.  These audits were "trumped up" audits, resulting in heightened supervision measures being imposed upon Lucia.  Upon information and belief, these audits were designed to make Lucia's business as a registered representative of SAI so difficult he would terminate his relationship with SAI;

    b.     SAI and/or SAFC's unjustified and wrongful heightened compliance and supervision measures imposed upon Lucia made it impossible for Lucia to do business as a registered representative of SAI.  Lucia's workload and required compliance measures tripled;

    c.     SAI and/or SAFC ignored or denied Lucia's clients' requests concerning their investments.  This caused Lucia to lose credibility and clients; and

    d.     SAI and/or SAFC's unjustified and wrongful heightened compliance and supervision measures imposed upon Lucia caused Lucia to lose representatives.

44.     As a result of SAI and/or SAFC's wrongful acts, Lucia's career was put in jeopardy.

45. SAI and/or SAFC, through their wrongful acts, forced Lucia to terminate his agreement to serve as a registered representative of SAI.

## LUCIA'S CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Declaratory Judgment

46. Lucia restates and incorporates the allegations set forth in paragraphs 27 through 45 as if fully set forth herein.

47. An actual and existing controversy exists between the parties with regard to their rights and other legal relations existing under the RJL Purchase Agreement and Note.

48. The Note should be declared as forgiven and canceled, with no amounts due in principal and interest, for the following reasons:

    a. SAI and/or SAFC forced Lucia to terminate his agreement to serve as a registered representative of SAI;

    b. Upon information and belief, the financial production requirements set forth in section 2(e) of the RJL Purchase Agreement were met; and

    c. The sums allegedly due and owing under the Note constitute a penalty or unenforceable stipulated sum.

WHEREFORE, Raymond J. Lucia, Sr., prays for judgment in his favor and against Securities America Financial Corporation and Securities America, Inc., for a declaratory judgment declaring that the Note shall be treated as forgiven and canceled, with no amounts due in principal and interest, as well as for reasonable costs and attorney's fees, prejudgment interest, and for such other, further, and different relief as

to this Court seems just and equitable.

## SECOND CAUSE OF ACTION

### Tortious Interference with Contractual Relations Against SAFC and SAI

49. Lucia restates and incorporates the allegations set forth in paragraphs 27 through 48 as if fully set forth herein.

50. SAI and SAFC have tortiously interfered with Lucia's contractual relations and rights by committing the wrongful acts set forth in paragraph 43 above.

51. SAI and SAFC's interference was intentional and unjustified.

52. SAI and SAFC's interference was a proximate cause of damage to Lucia.

WHEREFORE, Raymond J. Lucia, Sr., prays for judgment in his favor and against Securities America Financial Corporation and Securities America, Inc., for the full amount of the Note and interest thereon, as well as for reasonable costs and attorney's fees, prejudgment interest, and for such other, further, and different relief as to this Court seems just and equitable.

Dated this 11th day of September 2009.

RAYMOND J. LUCIA, SR., Defendant,

By:/s/ *Kristin M.V. Farwell*
Gregory C. Scaglione, #19368
Kristin M.V. Farwell, #23919
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE  68124-1079
(402) 390 9500
(402) 390 9005 (facsimile)
Greg.Scaglione@koleyjessen.com
Kristin.Farwell@koleyjessen.com

Attorneys for Defendant,.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of September 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

James M. Bausch
Richard P. Jeffries
Cline, Williams, Wright, Johnson & Oldfather, L.L.P.
One Pacific Place
1125 South 103rd Street, Suite 320
Omaha, NE  68124
jbausch@clinewilliams.com
rickjeffries@clinewilliams.com

/s/ *Kristin M.V. Farwell*
Kristin M.V. Farwell

500686.1